IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL MONCKTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. CIV-16-1136-HE |
| v. | ) | |
| | ) | |
| JASON BRYANT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions for Rape in the First Degree and Rape by Instrumentation (Force or Fear) entered in the District Court of Cleveland County, Oklahoma, Case No. CF-2011-547. Respondent has moved to dismiss the action on the basis that Petitioner has failed to exhaust available state remedies. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be denied.

I. Background

On February 8, 2012, a jury convicted Petitioner of the charges of first degree rape and rape by instrumentation and recommended sentences of 22 years of imprisonment and

1

10 years of imprisonment, respectively. On March 5, 2012, Petitioner was sentenced consistent with the jury's recommendation, with the sentences to run consecutively.

Petitioner appealed the convictions and sentences. The Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion on January 9, 2014, affirming the convictions and sentences. In that decision the appellate court addressed and rejected Petitioner's claims that (1) the admission of evidence showing the complaining witness suffered post-traumatic stress disorder was improper because it lacked a foundation for admission and served as substantive evidence of guilt in the first stage of trial as well as victim impact evidence in the second stage of trial; (2) the trial court should have instructed the jurors on the lesser-related offense of Domestic Assault and Battery; (3) the trial court erred when it deprived [Petitioner] of his statutory right to have the court address punishment; and (4) the trial court improperly refused to consider imposing concurrent sentences.

On December 11, 2014, Petitioner filed an application for post-conviction relief in Cleveland County District Court. On June 18, 2015, the district court granted in part and denied in part the application, granting Petitioner relief in the form of a pre-sentence investigation and a re-sentencing hearing. In a resentencing proceeding conducted in the district court on July 1, 2015, Petitioner was again sentenced consistent with the jury's recommendation to 22 years of imprisonment for the rape conviction and 10 years of imprisonment for the rape by instrumentation conviction, with the sentences to run consecutively.

Although Petitioner attempted to appeal this decision, the OCCA entered an Order

Declining Jurisdiction on July 31, 2015, Case No. PC-2015-667, in which the OCCA found that Petitioner had failed to comply with the appellate court's procedural rules and the court declined jurisdiction and dismissed the attempted appeal.

On August 14, 2015, Petitioner filed a second application for post-conviction relief in the district court. He sought leave to file his post-conviction appeal out of time. On January 11, 2016, the district court entered a summary order granting Petitioner leave to pursue a post-conviction appeal out of time from the June 18, 2015 order granting in part and denying in part Petitioner's application for post-conviction relief.

On January 13, 2016, Petitioner filed his Petition for Appeal Out of Time in the OCCA, Case No. PC-2016-33. On March 16, 2016, the OCCA entered an order in Case No. PC-2016-33 dismissing the action, but granting Petitioner's application to file a post-conviction appeal out of time. Petitioner was directed to file his appeal in accordance with the court's procedural rules with time periods to begin on the date of the order.

Petitioner filed a petition in error on March 29, 2016. On June 29, 2016, the OCCA entered an order in Case No. PC-2016-220 affirming the district court's denial of post-conviction relief. In its decision, the OCCA found that all of Petitioner's claims, including his claim of ineffective assistance of trial counsel, except for his claim of ineffective assistance of appellate counsel were procedurally barred or waived. With respect to his ineffective assistance of appellate counsel claim, the court found that "Petitioner has not established either that his appellate counsel's conduct was objectively unreasonable, or that the outcome of his appeal would have or should have been different."

On April 22, 2016, Petitioner filed a third application for post-conviction relief. That application is pending in the district court. Brief in Support of Motion to Dismiss, Ex. 3. Petitioner alleged a single claim of ineffective assistance of appellate counsel. This application is pending in the district court.

II. Petitioner's Claims

In Petitioner's 28 U.S.C. § 2254 Petition filed in this Court on September 29, 2016, Petitioner asserts the following grounds for federal habeas relief:

(1) "The admission of evidence showing the complaining witness suffered post-traumatic stress disorder was improper because it lacked a foundation for admission and served as substantive evidence of guilt in the first stage of trial."

Petitioner asserts, and the record demonstrates, that he exhausted this claim by raising it in his direct appeal.

(2) "Trial court should have instructed the jurors on the lesser included offense of domestic assault and battery which denied Petitioner a fundamentally fair trial."

Petitioner asserts, and the record demonstrates, that he exhausted this claim by raising it in his direct appeal.

(3) "State used victim impact evidence in the second stage of trial." In support of this claim, Petitioner refers to a statement allegedly made by the prosecutor during the sentencing stage of the trial in which the prosecutor urged the jury to consider that the victim had been diagnosed with post-traumatic stress disorder and was taking medication.

Petitioner asserts that he exhausted this claim by raising it in his direct appeal.

4

Petitioner states that he also raised this claim in a post-conviction application filed in Cleveland County District Court, that the claim was denied, and that the denial affirmed by the OCCA in a decision entered June 29, 2016, in Case No. PC-2016-220.

(4) "Appellate counsel was ineffective for failing to cite trial counsel for failing to object to the drastic change in the testimony of Todd Marino and failing to object to the late endorsement of Janice Elliot which denied Petitioner a fundamentally fair trial."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application in the Cleveland County District Court. He alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

(5) "Appellate counsel was ineffective for failing to cite trial counsel for failing to call Freida Chambers as a witness."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application in the Cleveland County District Court. Petitioner alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

(6) "Appellate counsel was ineffective for failing to cite trial counsel for failing to object to other bad acts which denied Petitioner a fundamentally fair trial."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application in the Cleveland County District Court. Petitioner alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

(7) "Appellate counsel was ineffective for failing to cite trial counsel for failing to properly cross examinine [sic] the alleged victim."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application in the Cleveland County District Court. Petitioner alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

(8) "Trial counsel was ineffective for failing to prepare for trial."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application in the Cleveland County District Court. Petitioner alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

(9) "Appellate counsel was ineffective for failing to cite trial counsel for failing to object to the state accusing him of lying in closing argument."

Petitioner asserts that he exhausted this claim by raising it in a post-conviction application filed in the Cleveland County District Court. Petitioner alleges that the district court denied the application and that the OCCA affirmed the decision in an order entered June 29, 2016.

III. Exhaustion of Available State Remedies

Respondent contends that the present habeas action should be dismissed as Petitioner has failed to exhaust available state remedies. Petitioner has responded to the Motion to Dismiss and asserts that although he does have a pending post-conviction proceeding in the

state court "he does not wish to file on any of these issues in federal court in this habeas petition."

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition). "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Petitioner has asserted that he has exhausted all of the grounds for federal habeas relief asserted in the Petition. Respondent has failed to present evidence that any of the grounds asserted in the Petition are unexhausted. Rather, Respondent merely argues that the

7

Court should dismiss this action because Petitioner has a pending post-conviction proceeding in the state courts.

Petitioner's reliance on the Report and Recommendation entered by United States Magistrate Judge Mitchell in Mills v. Bryant, Case No. CIV-15-619-D, 2015 WL 10765189 (W.D. Okla. June 12, 2015)(unpublished), is not persuasive. In that case, the petitioner had not appealed his convictions and was seeking leave to secure an appeal out of time at the time he filed his federal habeas action in this Court challenging his convictions. United States District Judge DeGiusti declined to adopt the Report and Recommendation based on subsequent developments showing no ongoing criminal proceedings existed that would warrant abstention

This case presents very different circumstances. Unlike the litigant in Mills, Petitioner appealed his convictions and sentences, and his convictions and sentences were affirmed. Petitioner has also repeatedly pursued post-conviction relief. Petitioner has asserted that all of the claims asserted in the Petition have been exhausted in his appeal and multiple state post-conviction proceedings, and Respondent has not shown that one or more of Petitioner's claims remain unexhausted at this juncture. Accordingly, Respondent's Motion to Dismiss the Petition for lack of exhaustion should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 9) be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     December

8

19th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   28th   day of   November  , 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE