# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL WAYNE MONCKTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-16-1136-HE |
| | ) | |
| JASON BRYANT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner Michael Wayne Monckton, a state prisoner appearing *pro se*, filed this action seeking habeas relief under 28 U.S.C. § 2254. The matter was referred to U.S. Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has moved to dismiss the petition, arguing that abstention is appropriate under Younger v. Harris, 401 U.S. 37 (1971), and Judge Purcell recommends that the motion be denied. Respondent filed an objection to the Report and Recommendation (the "Report"), triggering *de novo* review of the issues raised in the objection.

The convoluted procedural history of petitioner's cases in state court is detailed in the Report and will not be repeated here. The crux of it is that petitioner appears to have exhausted his state remedies as to every claim he asserts here, but that he has filed an additional application for post-conviction relief which is still pending in the Cleveland County District Court. Petitioner has indicated in his response to the motion to dismiss that he does not intend to argue in this case any of the unexhausted issues presented in the pending application in state court. Doc. #12. Nonetheless, respondent contends that the state

proceedings are "ongoing" and petitioner may potentially receive the relief he seeks.

Under the doctrine of Younger abstention, a federal court must abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Walck v. Edmondson, 472 F.3d 1227, 1232–33 (10th Cir. 2007). In this case, petitioner's judgment and sentence (pursuant to his resentencing) became final on resolution of his application for post-conviction relief filed on March 29, 2016.[1] That the relief he seeks here may potentially be rendered moot by the state-court proceedings does not make the state court an "adequate forum to hear the claims raised in the federal complaint," as those claims have already been exhausted in state court. Therefore, Younger abstention does not apply here.

Accordingly, the Report [Doc. #13] is **ADOPTED**. Respondent's Motion to Dismiss [Doc. #9] is **DENIED**. The referral to Judge Purcell remains in place for further proceedings consistent with 28 U.S.C. § 636(b).

---

[1] *The Oklahoma Court of Criminal Appeals said as much in its order from March 16, 2016. Monckton v. Okla., Case No. PC-2016-33 Order Dismissing Application for Writ of Mandamus as Moot, Dismissing Direct Appeal and Granting Application for Post-Conviction Appeal Out of Time.*

2

**IT IS SO ORDERED**.

Dated this 13th day of January, 2017.

                                        JOE HEATON
                                        CHIEF U.S. DISTRICT JUDGE