# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL W. MONCKTON,         )
                             )
       Petitioner,        )
                             )
vs.                          )   NO. CIV-16-1136-HE
                             )
JASON BRYANT, Warden,        )
                             )
       Respondent.       )

## ORDER

Petitioner Michael W. Monckton, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to U.S. Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). He has issued a Supplemental Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has objected to the Report, triggering *de novo* review.

Petitioner's objection argues that (1) the Report incorrectly determined that hearsay evidence improperly admitted during trial was not testimonial in nature and, therefore, his right to confront the declarant pursuant to Crawford v. Washington, 541 U.S. 36 (2004) was not violated; (2) Judge Purcell improperly evaluated the evidence presented at trial when making his recommendation; and (3) that the introduction of DNA evidence against him at trial denied him a fundamentally fair trial.

Testimonial statements include in-court testimony or its functional equivalent such as affidavits, custodial interrogations, depositions, or pretrial statements that the declarants

or an objective witness would reasonably expect to be used during a criminal prosecution. Crawford, 541, U.S. at 50-51. Petitioner alleges that the victim's testimony regarding her medical diagnosis that she was suffering from Post-Traumatic Stress Disorder was testimonial. The Report correctly concludes that the Confrontation Clause does not apply in this instance and that Petitioner is not entitled to habeas relief on this claim. The diagnosis made by a mental health professional to the victim was not testimonial in nature.

Petitioner's remaining objections to the Report do not form a valid basis for avoiding the Report's conclusions. Any review by this court is very limited in nature and deferential to the determinations reached in the state court. Under 28 U.S.C. § 2254(d), relief will not be granted as to claims which were adjudicated on the merits in state court unless the petitioner establishes (1) that the state court decision was contrary to clearly established federal law or (2) that it "involved an unreasonable application of" such law. Harrington v. Richter, 562 U.S. 86, 100 (2011). Petitioner's arguments regarding the admission of the DNA evidence and the citing of this fact in the Report do not rise to this level. Further, Petitioner's argument that the admission of the DNA evidence deprived him of a fundamentally fair trial was not included in his petition. It is ordinarily inappropriate to consider claims raised for the first time in an objection to a report and recommendation, and no basis is shown for doing so here.

Having conducted a *de novo* review, the court agrees with Judge Purcell's analysis of Petitioner's grounds for habeas relief.

Accordingly, the Report [Doc. #25] is **ADOPTED** and the petition for writ of habeas corpus [Doc. #1] is **DENIED**. A certificate of appealability is also denied.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2017.

                                                  JOE HEATON
                                                  CHIEF U.S. DISTRICT JUDGE